UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAY DYKES, JR. AND**<br>**DYKES AND DYKES, LLC** | **CIVIL ACTION NO.: 3:08-cv-00536** |
| **VERSUS** | |
| **MAVERICK MOTION PICTURE**<br>**GROUP, LLC; MAVERICK FILMS, LLC;**<br>**IRONSTAR, LLC; MARK MORGAN;**<br>**TARA PIRNIA; AUSTEN TAYLER;**<br>**GUY OSEARY; and MADONNA LOUISE**<br>**CICCIONE (a/k/a MADONNA)** | **JUDGE:         TYSON**<br><br><br><br><br>**MAGISTRATE:    DALBY** |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**
**PENDING RULING ON MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

**NOW INTO COURT** comes Defendant, Guy Oseary ("Mr. Oseary), through undersigned counsel, who submits this Memorandum in Support of his Motion for Protective Order to Stay Discovery Pending Ruling on Motion to Dismiss for Lack of Personal Jurisdiction, and respectfully avers as follows.

**PROCEDURAL BACKGROUND**

Plaintiffs Jay Dykes, Jr. and Dykes and Dykes, L.L.C. (collectively "Plaintiffs") commenced this litigation on August 22, 2008, by filing a Complaint for claims of breach of contract, unfair trade practices, conversion, unjust enrichment and detrimental reliance. On November 21, 2008, Mr. Oseary, pursuant to Federal Rule of Civil Procedure 12(b)(6), moved for an order dismissing the claims asserted by Plaintiffs because this Court lacked personal jurisdiction over Mr. Oseary. To date, the Court has not ruled on this motion.

On or about December 29, 2009, and in an effort to comply with this Court's request for a Scheduling Order, counsel for Mr. Oseary submitted its proposed dates for discovery and other deadlines in this case. On January 8, 2009, undersigned counsel participated in a Status Conference with the Court for discussion regarding the proposed Scheduling Order. During this Conference, all parties discussed the pending Motion to Dismiss filed by Mr. Oseary, as well as the concerns of Mr. Oseary's counsel regarding the progress of discovery prior to a ruling on the personal jurisdiction issue. At the conclusion of this Conference, the Scheduling Order was issued and became effective.

Counsel for Plaintiffs have recently served discovery requests on Mr. Oseary and have asked to obtain his deposition. As there is a pending dispositive motion, and no ruling asserting this Court's jurisdiction over Mr. Oseary, Mr. Oseary requests this Court immediately issue a protective order staying all discovery until such time as the personal jurisdiction issue has been adjudicated.

## LAW AND ARGUMENT

**A.  THIS COURT SHOULD ISSUE A PROTECTIVE ORDER STAYING ALL DISCOVERY UNTIL GUY OSEARY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION HAS BEEN RULED UPON.**

A federal district court has discretion to stay discovery proceedings for good cause shown.[1] The Fifth Circuit has held that good cause exists where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense.[2]

---

[1] Fed R. Civ. P. 26 (C).
[2] Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5 Cir. 1990).

Additionally, it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined.[3]

More relevant to the instant litigation, the Fifth Circuit has held that good cause to stay discovery existed because if defendants prevail on their motions to dismiss, no discovery would be necessary and any production of documents would have been a useless and wasteful effort.[4] In Parish of Jefferson, Louisiana v. Southern Recovery Mgmt., Inc., the plaintiff filed for injunctive relief alleging the defendant was operating a landfill in violation of federal law.[5] The defendant filed a motion to stay discovery due to its filing of a motion to dismiss based on jurisdictional grounds. The Magistrate denied the stay, permitting discovery to go forward. The defendant appealed to the District Judge, alleging that the discovery permitted by the Magistrate was unrelated to the jurisdictional issue and posed an onerous and costly burden to the defendant.

In finding the Magistrate's ruling "clearly erroneous" the court cited Petrus v. Bowen, and held that it was appropriate to defer discovery during the pendency of the dispositive motion.[6] The Court further held that while the discovery was not prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot.[7]

Other federal courts have reached similar conclusions on this point. For example, in Chavous v. Dist. Of Columbia Fin. Responsibility and Mgmt. Assistance Auth., the Court held that a stay of discovery pending a ruling on a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of

---

[3] Petrus v. Bowen, 833 F.2d 581, 583 (5 Cir. 1987).
[4] Parish of Jefferson, Louisiana v. Southern Recovery Mgmt., Inc., 1996 WL 144400 at 1 (E.D. La. 1996).
[5] 1996 WL 144400 at 1 (E.D. La. 1996).
[6] Parish of Jefferson, Louisiana, 1996 WL 144400 at 2.
[7] Id.

judicial resources.[8]  A Florida District Court ordered a stay of discovery except for limited interrogatories relevant to the personal jurisdiction issue.[9]  Several other courts have similarly held that it is routine to stay discovery when personal jurisdiction is at issue.[10]

In the present case, Mr. Oseary has emphatically denied that this Court has personal jurisdiction over him.  This issue has been fully briefed by both parties.  As of the date of this memorandum, however, the Court has not yet ruled on Mr. Oseary's Motion therefore the issue of personal jurisdiction over Mr. Oseary remains unresolved.  Nevertheless, and due to the existence of the Scheduling Order (in which Mr. Oseary expressly reiterated his personal jurisdiction argument) Plaintiffs recently served discovery on counsel for Mr. Oseary and have further requested available dates to proceed with Mr. Oseary's deposition.

In response to this discovery, undersigned counsel contacted counsel for Plaintiffs and requested Plaintiffs voluntarily agree to a stay of this matter pending a ruling on the personal jurisdiction issue.  The basis for this request was to avoid the time and expense of responding to discovery in anticipation of a potential dismissal of the case against Mr. Oseary.  Counsel denied this request and indicated their clients' intent to move forward with discovery and the deposition of Mr. Oseary.  In short, Plaintiffs are now attempting to force Mr. Oseary to litigate the merits of the case based solely upon a Scheduling Order from a Court that may not have personal jurisdiction over him.

The discovery served upon Mr. Oseary is rather onerous, consisting of 38 Requests for Admissions, 18 Interrogatories, and 19 Requests for Production.[11]  Interestingly, in the entire 25

---

[8] 201 F.R.D. 1, 2 (D. Col. 2001).
[9] See Mvisible Technologies, Inc. v. Mixxer, Inc., 2007 WL 809677 (S.D. Fla. 2007).
[10] See Armitel Inns v. Moffett Bros. Plastering, L.C., 2007 WL 1792323; See also Port Dock & Stone Corp. v. Oldcaster Northeast, Inc., 2006 WL 897996 (E.D.N.Y. 2006); Gandler v. Nazarov, 1994 WL 702004 (S.D.N.Y. 1994).
[11] See Exhibit "A" - Copy of Plaintiffs First Set of Requests for Admissions, Interrogatories and Production of Documents to Defendant Guy Oseary.

pages of discovery received from the Plaintiffs, only one single Request for Production, coincidentally the very last Request for Production, has anything to do with any potential contacts of Mr. Oseary with Louisiana – the remaining 74 inquiries deal strictly with the merits of the case.

At this early juncture of the case, and during the pendency of Mr. Oseary's dispositive motion, requiring Mr. Oseary to participate in full discovery is a "useless and wasteful effort," which is precisely the scenario in which the court in <u>Parish of Jefferson</u> sought to avoid by granting the stay. Mr. Oseary should therefore not be required to incur the time, attorneys fees and costs to participate in the discovery process until such time as the Court resolves its personal jurisdiction inquiry. Moreover, to the extent Plaintiffs claim that such discovery is related to the jurisdictional issues (which they have not), Mr. Oseary avers that Plaintiffs are not entitled to conduct any such jurisdictional discovery.

It has been widely held that a Court may disallow discovery on personal jurisdiction issues where such discovery would not establish significant facts bearing on personal jurisdiction.[12] A plaintiff is required to make a prima facie showing of personal jurisdiction before any such discovery can be permitted.[13] Further, a Court may deny jurisdictional discovery where the plaintiff makes only bare allegations to dispute a defendant's allegations denying jurisdictional acts.[14]

Plaintiffs have had an opportunity to respond to Mr. Oseary's Declaration and have submitted a Declaration of Plaintiff Jay Dykes in response. The "bare allegations" contained in Mr. Dykes' Declaration dealing with personal jurisdiction are addressed in detail in Mr. Oseary's

---

[12] Alpine View Co., Ltd. v. Atlas Copco AB, 205 F.3d 208, 221 (5th Cir. 2000); Central States Pension Fund v. Reimer Express World Corp., 230 F.3d 934 (7th Cir. 2000); Chrysler Corp. v. Fedders Corp., 643 So.2d 1229, 1240 (6th Cir. 1981).
[13] Central States Pension Fund at 946.
[14] Sportrust Assoc. Int'l, Inc., v. The Sports Corporation, 304 F.Supp.2d 789, 794 (E.D. Va. 2004).

5

Reply Memorandum and are simply that – "bare allegations" which do not give rise to prima facie case, thereby precluding Plaintiffs from conducting jurisdictional discovery. Mr. Oseary respectfully requests this Court grant the Protective Order, and issue a stay over all discovery until such time as the Court rules on Mr. Oseary's Motion to Dismiss.

## CONCLUSION

Based on the foregoing reasons, defendant Guy Oseary prays that his Motion for Protective Order to Stay Discovery be granted.

Respectfully submitted:

**ADAMS AND REESE LLP**

s / WILLIAM D. SHEA
_____
V. THOMAS CLARK JR. (#20519) – T.A.
WILLIAM D. SHEA (#29419)
450 Laurel Street, Suite 1900
Baton Rouge, LA  70801
Telephone:  (225) 336-5200
Facsimile: (225) 335-5220

and

ALLEN B. GRODSKY
Grodsky & Olecki, LLP
2001 Wilshire Boulevard, Suite 210
Santa Monica, California  90403
Telephone:  (310) 315-3009
Facsimile:  (310) 315-1557

*Attorneys for Defendant,*
*Guy Oseary*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following counsel of record by operation of the court's electronic filing system:

Thomas P. Hubert  (thubert@joneswalker.com)
Robert Walsh  (rwalsh@joneswalker.com)
Joseph F. Lavigne   (jlavigne@joneswalker.com)
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170

Daniel B. Davis  (ddavis@joneswalker.com)
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
Four United Plaza
8555 United Plaza Boulevard, 5th Floor
Baton Rouge, Louisiana 70809

                               s / William D. Shea
                               WILLIAM D. SHEA