UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAY DYKES, JR., ET AL | CIVIL ACTION |
| VERSUS | NO. 08-536-RET-DLD |
| MAVERICK MOTION PICTURE GROUP, L.L.C., ET AL | |

### ORDER

This action arises out of a contractual dispute over money loaned by plaintiffs to defendants for the production and development of certain motion pictures. Plaintiffs filed suit for damages against Maverick Motion Picture Group, L.L.C. (MMPG), Maverick Films, L.L.C. (Maverick Films), Ironstar, L.L.C., Mark Morgan, Tara Pirnia, Austen Tayler, Guy Oseary, and Madonna Louise Ciccone. Oseary and Madonna filed motions to dismiss for lack of personal jurisdiction (rec. docs. 21 and 40). Additionally, in response to plaintiffs' discovery requests seeking primarily information concerning Madonna's and Oseary's relationship with Maverick Films and MMPG, Madonna and Oseary filed motions for protective orders staying all discovery pending the outcome of the motions to dismiss (rec. doc. 39 and 41).

On March 12, 2009, the court held a telephone status conference to discuss the discovery sought by plaintiffs and whether the discovery was necessary pending the motions to dismiss (rec. doc. 47). The court ordered the plaintiffs to file briefs, describing with particularity the discovery they contend should be allowed, what facts they hope to obtain from that discovery, and how the discovery would produce information supporting either general or specific jurisdiction over either Madonna or Oseary. In plaintiffs' supplemental memorandum, they identify several questions that they believe would assist

them in establishing a *prima facie* case of jurisdiction over Madonna and Oseary and in defending against the pending motions to dismiss. Madonna and Oseary's motions to dismiss and motions for protective orders are now before the court for review.

### Discussion

When a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). Plaintiffs may establish personal jurisdiction over the defendants by establishing a *prima facie* case of general or specific jurisdiction. Id. Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414. Specific jurisdiction requires the defendant to have purposefully directed his activities at the resident of the forum, and the litigation must result from the alleged injuries that arise out of or relate to these activities. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir.1993) (citing *Burger King*, 471 U.S. at 474; *Aviles v. Kunckle*, 978 F.2d 201 (5th Cir.1992).

The court has broad discretion in all discovery matters, and the decision not to permit discovery on a motion to dismiss for lack of personal jurisdiction is specifically one for the trial court's discretion. *Wyatt*, 686 F.2d 283; see also Fed. R. Civ. P. 26(b)(1).

Plaintiffs' discovery requests attached to defendants' motions for protective orders seek information about the merits of this case and are not specifically geared towards Madonna's or Oseary's contacts with Louisiana (rec. docs. 39-3 and 41-3). The discovery

requests identified in plaintiffs' supplemental memorandum, however, are more narrowly tailored to seek information concerning Madonna's and Oseary's contacts with Louisiana. Since plaintiffs generally are allowed limited jurisdictional discovery to assist in their defense of a motion to dismiss based on lack of personal jurisdiction and the questions posed, are, for the most part, narrowly drawn, the court will allow plaintiffs to conduct limited discovery on jurisdictional issue as outlined in plaintiffs' supplemental memorandum, subject to those questions being further limited to Madonna's and Oseary's contacts with **Louisiana** (rec. doc. 50, pp.7-9).

Specifically, with respect to questions 1-3 directed to both Madonna and Oseary, plaintiffs may seek information concerning Madonna's or Oseary's relationship with **Louisiana** companies, limited liability companies, partnerships, joint ventures, or any other business enterprise and **Louisiana** tax returns. Question 9 directed to Madonna and question 4 directed to Oseary concerning the revenue or earnings they received from MMPG, Maverick Films, Maverick Records, L.L.C. , and Maverick Television, L.L.C., are stricken. Questions 6 and 7 directed to Oseary are limited to **Louisiana** clients that Oseary may have represented from 1999 to present.

In asking these questions, plaintiffs may propound written discovery only, including requests for admissions, requests for production of documents, and interrogatories. At this time, plaintiffs have made no showing that depositions of Madonna or Oseary are necessary for purposes of jurisdiction.[1] Once the written discovery is complete, plaintiffs may seek leave of court to depose Madonna or Oseary on jurisdictional issues only upon

---

[1] Insofar as the merits are concerned, plaintiffs have a motion for default pending against the remaining, served defendants, so there is no need for merits' discovery relating to those defendants; and defendants Madonna and Oseary will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits' discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments.

a showing that the discovery sought could not be obtained in a written format and may reveal Madonna or Oseary's general or specific contacts with Louisiana.

Because plaintiffs have not had the opportunity to conduct limited written jurisdictional discovery and because discovery responses in these situations typically result in the necessity for supplemental briefing that either overlaps or contradicts earlier briefing, defendants' motions to dismiss are dismissed, without prejudice to defendants to refile once jurisdictional discovery is complete. Accordingly,

**IT IS ORDERED** that the motions for protective order (rec. docs. 39 and 41) are **GRANTED IN PART** and **DENIED IN PART** in that plaintiffs have **60 days or until November 18, 2009**, to conduct the jurisdictional discovery outlined in their supplemental memorandum and as further limited above. All discovery requests shall be in written format, after which, plaintiffs may seek leave of court to depose Madonna or Oseary on jurisdictional issues upon a showing that the discovery sought could not be obtained in a written format and may reveal Madonna or Oseary's general or specific contacts with Louisiana.

**IT IS FURTHER ORDERED** that the motions to dismiss (rec. docs. 21 and 40) are **DISMISSED,** without prejudice to defendants to refile after the completion of the limited jurisdictional discovery discussed above.

Signed in Baton Rouge, Louisiana, on September 17, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**