UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAY DYKES, JR., ET AL.

VERSUS

MAVERICK MOTION PICTURE
GROUP, L.L.C., ET AL.

CIVIL ACTION

NO. 08-536-JJB-CN

**RULING**

This matter is before the Court for consideration of the Report and Recommendation (doc. 69) issued by the magistrate judge on May 10, 2010. Objections have been filed by the plaintiffs, Jay Dykes, Jr. ("Jay Dykes") and Dykes and Dykes, L.L.C., (doc. 72) and by the defendant Maverick Films ("Maverick Films") (doc. 74). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

As more fully explained by the magistrate judge in her Report, this action arises out of a dispute over money loaned by plaintiffs, Jay Dykes and Dykes and Dykes, L.L.C., to defendants Maverick Motion Picture Group, L.L.C. ("MMPG"), Maverick Films, Ironstar, L.L.C. ("Ironstar"), Mark Morgan ("Morgan"), Tara Pirnia ("Pirnia"), Austen Tayler ("Tayler"), Guy Oseary ("Oseary"), and Madonna Louise Ciccone ("Madonna"), pursuant to various oral and written agreements for the production and development of certain motion pictures. Plaintiff Jay Dykes is the manager of Dykes and Dykes, L.L.C. Defendants MMPG, Maverick Films, and Ironstar are production companies, and their primary function is to develop and

produce motion pictures for national and international distribution. Defendant Morgan is the CEO of MMPG and Maverick Films. Defendants Pirnia and Tayler are the members/managers and/or agents of Ironstar.

Pursuant to various oral and written agreements, plaintiffs invested money with defendants for the production of certain motion pictures. The agreements provided that defendants would repay plaintiffs' original investment, plus interest, by a certain date. Additionally, several of the agreements provided that plaintiffs would receive a "Co-Producer," "Executive Producer," or "Associate Producer" credit and/or receive a percentage of the profits earned by the films. Plaintiffs bring suit to recover damages based upon breach of contract, unfair trade practices, conversion, unjust enrichment, and detrimental reliance.

Plaintiffs filed a motion for default judgment against MMPG, Maverick Films, Morgan, Ironstar, and Pirnia. The magistrate judge conducted a hearing and issued her report recommending that the motion for default judgment be denied in part and granted in part.

To obtain a default judgment, the mover must first establish that the defaulting defendant has been properly served and has failed to plead or otherwise defend. Fed. R. Civ. P. 55. The magistrate judge found that defendants MMPG, Maverick Films, and Morgan had been properly served and no objection has been made to this finding. The Court approves and adopts the report on this issue.

The magistrate judge identified three problems with plaintiffs' service of process on defendants Ironstar and its registered agent Pirnia. First, the affidavits filed by plaintiffs' counsel did not reflect the "address at which process was delivered to the defendant," as required by La. R.S. 13:3205(2). Second, the Federal Express receipts attached to the return of summons did not reflect the address at which the process was delivered to the defendants. And third, the Federal Express receipts reflected that service was accepted by "J. JAHOVIC," not Pirnia, and plaintiffs did not show that "J. JAHOVIC" was Pirnia's agent, as required by La. R.S. 13:3204.

In their objection to the magistrate judge's report, the plaintiffs have corrected the first two problems above by attaching the Federal Express air bill, which shows Pirnia's address. The magistrate judge found that plaintiffs failed to show that "J. JAHOVIC" is Pirnia's agent as required by La. R.S. 13:3204. Plaintiffs object on the basis that Jay Dykes received a text message from Pirnia indicating that she read the complaint. The Court finds no legal support for this argument; plaintiffs have failed to demonstrate that the requisite procedures were followed in accordance with the Louisiana long arm statute. The Court finds that plaintiffs failed to perfect service of process on Pirnia and Ironstar, and therefore, the motion for default judgment as to these defendants will be denied.

Next, in order to obtain a default judgment, plaintiffs must establish a prima facie case. *In re Dorland*, 105 F.3d 656, 2 (5th Cir. 1996).

Plaintiffs object to the magistrate judge's recommendation that default judgment be denied with regard to an award of monetary damages for defendants' failure to provide plaintiffs with producer credits.  The magistrate judge based her decision on the fact that plaintiffs failed to provide sufficient evidentiary support proving the value of an "Executive Producer," "Co-Producer," or "Associate Producer" title.[1]  The plaintiffs based the amount desired in damages on the value placed on these credits by Morgan, who the magistrate judge found was not qualified to assign a value to these titles.[2]  In their objection, the plaintiffs offer evidence of Morgan's credentials in the entertainment industry detailing the movies on which he has worked.  Nevertheless, the Court approves and adopts the magistrate judge's finding because the value of these credits, even taking into account Morgan's estimates, is speculative, and the Court finds that it is too difficult to assign a realistic value to the credits sought by plaintiffs.

With regard to the agreements between Jay Dykes and MPMG on July 19, 2005, September 20, 2005, January 10, 2006, and September 14, 2005, no party objects to the magistrate judge's findings.  Thus, the Court approves and adopts the magistrate judge's finding that there is sufficient evidentiary support for an award in favor of Jay Dykes and against MMPG for repayment of Jay Dykes' principal investments, plus interest where it applies, totaling $737,000.[3]

---

[1] See Magistrate Judge's Report 7 (doc. 69).
[2] Id.
[3] See Magistrate Judge's Report 15 (doc. 69).

With regard to the September 20, 2005 agreement between Jay Dykes and MMPG, the Court approves and adopts the magistrate judge's recommendation that Jay Dykes, pursuant to this agreement, be awarded 5% of MMPG's adjusted gross profits from the film *The Stanford Prison Experiment*, in the event that the film is produced in the future.

With regard to the claims against Maverick Films, the Court finds that the entry of a default judgment against it would be inappropriate because Maverick Films has stepped in to defend itself in this matter. Even though Maverick Films objects only to the magistrate judge's finding with respect to the July 24, 2004 agreement, it would nonetheless be inappropriate to enter a default judgment against a party that is defending itself. Therefore, the Court does not enter a default judgment against Maverick Films on any grounds.

Plaintiffs request that Morgan, along with Maverick Films, be held liable *in solido* with MMPG for the debts owed to plaintiffs. The magistrate judge found that plaintiffs failed to assert allegations against Morgan for actions that would form the basis of finding Morgan individually liable for the debts owed by MMPG and/or Maverick Films. The Court finds that plaintiffs here failed to sufficiently establish a prima facie case against Morgan.

Likewise, with regard to plaintiffs' unfair trade practice claims, conversion, detrimental reliance, and unjust enrichment claims, the Court finds that plaintiffs have failed to establish a prima facie case.

Additionally, the Court does not award attorney's fees in this matter. Pursuant to Louisiana law, attorney's fees are not allowed except where authorized by statute or contract. *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008) (internal citations omitted). At this stage, plaintiffs have failed to establish a claim for attorney's fees pursuant to contract or statute. Moreover, plaintiffs have failed to separate out the amount of fees incurred with regard to the claims that have been established against MMPG.

## Conclusion

The plaintiffs' motion for default judgment (doc. 33) is GRANTED in part and DENIED in part as follows:

The motion for default judgment as to Ironstar, L.L.C. and Tara Pirnia is DENIED, and the clerk's entry of default judgment (doc. 30) is SET ASIDE as to Ironstar, L.L.C. and Tara Pirnia. Plaintiffs are given sixty (60) days to perfect service upon defendants Ironstar, L.L.C. and Tara Pirnia.

The motion for default judgment as to Morgan and Maverick Films is DENIED, and the clerk's entry of default judgment is SET ASIDE as to Morgan and Maverick Films.

The motion for default judgment as to Maverick Motion Pictures Group is GRANTED as follows:

A judgment should be entered in favor of Jay Dykes, Jr. and against Maverick Motion Picture Group in the amount of $737,000 and for 5% of Maverick Motion Picture Group's adjusted gross profits from *The Stanford Prison*

*Experiment*, if the film is ever produced in the future. Additionally, a judgment should be entered in favor of Jay Dykes, Jr. for post-judgment interest from the date of entry of the judgment pursuant to 28 U.S.C. § 1961, and pre-judgment interest on each obligation covered by this judgment from the time each obligation was owed under the terms of each agreement.

Counsel for plaintiffs shall submit a form of judgment in accordance herewith.

Signed in Baton Rouge, Louisiana, on July 22nd, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA