# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JAY DYKES, JR. and DYKES AND
DYKES, L.L.C.

versus

MAVERICK MOTION PICTURE GROUP,
L.L.C., MAVERICK FILMS, L.L.C.,
IRONSTAR, L.L.C., MARK MORGAN,
TARA PIRNIA, AUSTEN TAYLER, GUY
OSEARY, and MADONNA LOUISE
CICCONE (a/k/a MADONNA)

CIVIL ACTION NO. 08-00536

JUDGE BRADY

MAGISTRATE DOCIA L. DALBY

_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUR-REPLY MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A FIRST AMENDED COMPLAINT FOR DAMAGES**
_____

**MAY IT PLEASE THE COURT:**

Plaintiffs file this Response to Defendants' Sur-Reply in Opposition to Plaintiffs'

Motion for Leave to File a First Amended Complaint for Damages to address

Defendants' position as set forth as follows in their brief:

> Plaintiffs' reply contains 22 pages of vague and baseless
> allegations about how Guy Oseary ("Oseary") and Madonna
> Ciccone ("Madonna") conspired with the other Defendants,
> or are alter egos of Maverick and MMPG, all with the
> ultimate goal of defrauding Plaintiffs.  These allegations are
> unsupported by either a Verified First Amended Complaint,
> or a Declaration from even one of the 18 alleged witnesses
> that Plaintiffs claim will support their allegations.

(Rec. Doc. 86, p. 1).

First of all, many of the facts set forth in Plaintiffs' brief are supported by the sworn testimony of Oseary and Maverick Films and MMPG's business records.  Other facts were learned from several witnesses, including Brent Emery, who is listed as a member of the management team of Maverick and MMPG.  Undersigned counsel believed that Mr. Emery would provide a declaration to support those facts, but Mr. Emery refused and stated that his own settlement negotiations with Maverick Films and MMPG were threatened to be jeopardized if he voluntarily submitted a declaration in this case.  Ultimately, Mr. Emery refused to provide a Declaration.  Therefore, Plaintiffs plan to subpoena Mr. Emery for deposition in this case and have notified all opposing counsel of its intent to do so.[1]  Counsel for Oseary and Madonna object to that deposition.[2]

Nevertheless, attached hereto as Exhibit A is the Declaration of Jay Dykes, Jr. who was present for a telephone conference between undersigned counsel, Mr. Emery, and Mr. Dykes.  Also attached as Exhibit B, is a Declaration from Mr. Dykes verifying the allegations contained in the First Amended Complaint.  Therefore, Defendants' concerns about the allegations being unsupported by sworn testimony have been addressed.

---

[1]It should be noted that Plaintiffs have not had the opportunity to conduct discovery on the merits of the case and sworn testimony is not required to support a Motion for Leave to File an Amended Complaint.  Given the facts set forth in Plaintiffs' Reply Brief, Plaintiffs should have the opportunity to conduct formal discovery on the claims set forth in the First Amended Complaint.

[2]See correspondence between all counsel of record regarding deposition schedule attached as Exhibit C.

Respectfully submitted,


 /s/ Joseph F. Lavigne
Thomas P. Hubert (LA Bar #19625)
Robert Walsh (LA Bar #17850)
Joseph F. Lavigne (LA Bar #28119)
**Jones, Walker, Waechter, Poitevent,**
   **Carrère & Denègre, L.L.P.**
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8015
thubert@joneswalker.com
rwalsh@joneswalker.com
jlavigne@joneswalker.com
***Attorneys for Plaintiffs***




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2010, I electronically filed the foregoing *Plaintiffs' Response to Defendants' Sur-Reply Memorandum in Opposition to Plaintiffs' Motion for Leave to File a First Amended Complaint for Damages* with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record.


 /s/ Joseph F. Lavigne

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JAY DYKES, JR. and
DYKES AND DYKES, L.L.C.

versus

MAVERICK MOTION PICTURE GROUP,
L.L.C., MAVERICK FILMS, L.L.C.,
IRONSTAR, L.L.C., MARK MORGAN,
TARA PIRNIA, AUSTEN TAYLER, GUY
OSEARY, and MADONNA LOUISE
CICCONE (a/k/a MADONNA)

CIVIL ACTION NO. 3:08-cv-00536

JUDGE BRADY

MAGISTRATE DALBY

---

### DECLARATION OF JAY DYKES, JR.

---

I, Jay Dykes, Jr., declare:

1.      I am a resident of East Baton Rouge Parish, over the age of 18, and have capacity to swear to the facts contained in this Declaration.  I am also the Plaintiff in the above referenced lawsuit and the member/Manager of Plaintiff, Dykes and Dykes, L.L.C.

2.      I am a Plaintiff in the above captioned matter.  Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

3.      On or about July 8, 2010, my counsel, Joseph F. Lavigne and I had a conference call with Brent Emery to discuss my case against Maverick Films, L.L.C. ("Maverick Films"), Maverick Motion Picture Group, L.L.C. ("MMPG"), Mark Morgan, Guy Oseary, and Madonna Ciccone.

4       Mr. Emery was an executive with Maverick Films and MMPG and has knowledge of their business operations.

{N2158324.1}                                1

A

5.    During our telephone conversation Mr. Emory told Mr. Lavigne and I the following:

a.    Maverick Films was formed by Guy Oseary and Madonna in 2001 or 2002.   At the beginning, it operated out of "Maverick's" headquarters on Civic Center Drive in Beverly Hills, California.

b.    The initial funding for Maverick Films was provided by investor Milton Kim ("Kim").   In 2002 or 2003, Morgan, Oseary, and Madonna (a/k/a Maverick Films) had an opportunity to do a long term movie deal with 20th Century Fox.   Morgan, Oseary, and Madonna did not want Kim involved in this deal so MMPG was formed and Nick Toufexis was supposed to fund the company.  Mr. Toufexis never came through with the funding for the films, but MMPG continued to operate.  Maverick Films and MMPG had the same employees and management structure (i.e., Madonna, Oseary, and Morgan) and both operated out of Maverick Films' offices with the same address, telephone number, and fax number. Employees were sometimes paid by Maverick Films and sometimes paid by MMPG.  The two entities operated as "Maverick Films."  For example, the phone was answered "Maverick Films" and all employees used Maverick Films' letterhead and business cards.  Both entities also used the Maverick name and logo which was trademarked and owned by Oseary and Madonna.

c.    In 2005 Maverick Films and MMPG moved offices to 331 North Maple, Beverly Hills, California.   The companies moved to this location because Maverick Music was moving to Burbank and Oseary became a member of Untitled Management and that firm was looking for additional office space.   Oseary directed both groups to 331 North Maple.   Untitled Management shared space with Maverick Films/MMPG.   Oseary, Madonna, and Morgan all had offices at this location (as well as the previous location).

d.    Also in 2005 Maverick Films and MMPG created their "Confidential Business Plan" which was used to get individuals to invest and/or loan money to the companies for their projects.  Morgan, Oseary, and Madonna reviewed and approved the "Confidential Business Plan." **In fact, Maverick Films/MMPG was required to pay Madonna's then-manager, Caresse Henry, $100,000 in order for Madonna to approve the materials and the use of Madonna's name.**

e.    Maverick Films and MMPG's procedure for approving investments/loans was that all loans/investments needed to be approved by Oseary.   Moreover, Oseary was aware of and

approved the loans made by Plaintiffs and that Maverick Films was going to use those funds (in part) to produce the film *Standford Prison Experiment* in Louisiana.   Oseary was also aware that Maverick Films' employees scouted locations in Louisiana for that picture.  Oseary was going to receive an executive producer credit (in his individual name) in *Standford Prison Experiment*.

f.    Maverick Music had the rights to produce the soundtrack for any film produced by Maverick Films.

g.    MMPG was the funding source to raise money for films that would be produced by Maverick Films.  MMPG did not raise funds for any other production company.

17.    This ends my Declaration consisting of three pages.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 3rd day of August, 2010.

_____
Jay Dykes, Jr.

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JAY DYKES, JR. and
DYKES AND DYKES, L.L.C.

versus

MAVERICK MOTION PICTURE GROUP,
L.L.C., MAVERICK FILMS, L.L.C.,
IRONSTAR, L.L.C., MARK MORGAN,
TARA PIRNIA, AUSTEN TAYLER, GUY
OSEARY, and MADONNA LOUISE
CICCONE (a/k/a MADONNA)

CIVIL ACTION NO. 3:08-cv-00536

JUDGE BRADY

MAGISTRATE DALBY

---

## VERIFICATION

---

I, Jay Dykes, Jr., declare:

1.      I am a Plaintiff in the above-captioned matter.

2.      I have read the First Amended Complaint (see Rec. Doc. 75-1) and all the

allegations are true and correct, to the best of my knowledge, information, and belief.

3.      This ends my declaration consisting of one page.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of

the United States that the foregoing is true and correct.  Executed this 3rd day of August,

2010.

_____
Jay Dykes, Jr.



**From:** Lavigne, Joseph
**Sent:** Thursday, July 29, 2010 6:17 PM
**To:** William D. Shea
**Cc:** Hubert, Thomas; Boh, Mary; Tom Clark; tbernhard@crawford-lewis.com; Allen Grodsky
**Subject:** RE: Dykes v. Maverick

Bill,

Maverick Films, L.L.C. and Maverick Motion Picture Group, LLC are defendants in this case and they provided Mr. Dykes documents stating that the companies were managed by Madonna, Oseary, Morgan, and Emory. These individuals are clearly relevant fact witnesses and we have the right to depose them regardless of the jurisdictional and/or Amended Complaint issues. If you wish to file a protective order go ahead and do so.

With respect to Brent Emory, he refused to provide a Declaration because he was told that if he cooperated in this litigation his own settlement with Maverick Films/MMPG would be in jeopardy. Therefore, we will need to subpoena him for a deposition. If you disagree you can move for a protective order on that as well.

Thanks
Joe


Joseph F. Lavigne
Jones Walker
201 St. Charles Ave.
New Orleans, LA 70170
(504) 582-8610 Direct Phone
(504) 589-8610 Direct Fax
jlavigne@joneswalker.com
*This communication is confidential and contains information protected in whole or in part by the attorney-client privilege and attorney work product doctrine. Any inadvertent or unauthorized disclosure does not waive these protections. If you are not the intended recipient of this communication, destroy it without disclosure or reproduction and immediately notify the sender.*

---

**From:** William D. Shea [mailto:William.Shea@arlaw.com]
**Sent:** Thursday, July 29, 2010 4:06 PM
**To:** Lavigne, Joseph
**Cc:** Hubert, Thomas; Boh, Mary; Tom Clark; tbernhard@crawford-lewis.com; Allen Grodsky
**Subject:** RE: Dykes v. Maverick

Joe

Your recent request to depose either Guy Oseary or Madonna Ciccone is objectionable on multiple grounds, not the least of which is your insistence on continuing to blur the lines of distinction between two individuals and several corporate entities, despite being cautioned by the Magistrate to refrain from doing so. Further, you cannot make the requisite showing to establish that you are entitled to take the depositions of Oseary or Madonna and your request to do so can only be seen as harassing (particularly in light of the current posture of the litigation). As such, we will not make either of our clients available for depositions, individually, or as part of the Maverick Films' "management team" (which they are not).

The Magistrate previously ruled that you have made no showing that the depositions of Oseary or Madonna are necessary for purposes of the pending personal jurisdiction motion (see Rec. Doc. 65, p. 3), and that you were only entitled to limited written discovery on the jurisdictional issue. Despite the fact the Magistrate gave you numerous opportunities to conduct limited written discovery, and our generosity in extending the deadline, you failed to submit any appropriate written discovery requests and you are now over six months beyond that discovery deadline.

Your request to depose Oseary and Madonna as part of the "management team" of Maverick Films is unfounded. Because of the manner in which you phrased your request, and because you know that the Magistrate previously denied your request to take the

8/2/2010

depositions of Oseary and Madonna individually, we assume that you are now purporting to notice a Rule 30(b)(6) deposition of Maverick Films and further, that you are purporting to designate the most knowledgeable people to testify on behalf of Maverick Films. As you know, neither Oseary nor Madonna are part of the management team of Maverick Films. Moreover, neither Oseary nor Madonna consent to testify on behalf of Maverick Films.

Finally, in the event that you intend to justify your request to depose Oseary and Madonna based upon any of your allegations regarding alter-ego, conspiracy, fraud, or veil-piercing, because the Court has yet to rule on your Motion for Leave to Amend, those issues are not presently before the Court. Consequently, any attempt to depose Oseary or Madonna based upon those intended allegations is improper, not to mention premature given the jurisdictional issues and the limits placed by the Magistrate on your ability to take discovery of Oseary and Madonna prior to their resolution.

If you justify your request to depose Oseary or Madonna on some ground we have not thought of and rejected, please let us know. Otherwise we insist that you withdraw your request for their depositions.

Regarding your desire to depose Brent Emory, we fail to see the relevance of this testimony based on the current posture of the case. As set forth in your email, you intend to depose Mr. Emory to "support our Motion for Leave and Oppositions to Madonna and Oseary's Jurisdictional Motions." You filed your Motion for Leave to Amend on June 4, 2010 and, in your motion, failed to establish the basis for obtaining leave of court as we pointed out in our opposition. During the July 1, 2010 status conference, you requested the opportunity to file a reply brief, which was granted by the Magistrate, who also requested that you address the many "good points" we raised in our opposition. You did not indicate during the status conference any need to conduct the deposition of Brent Emory, and in fact you claimed that you would obtain an affidavit from Mr. Emory to bolster the unsupported assertions. You subsequently filed your reply brief (and failed to attach any affidavits or other evidence) and we submitted a sur-reply. This matter is now pending before the Magistrate for a ruling. The opportunity to develop factual support for the claims made in your motion has long since passed. We suspect, based upon your eleventh-hour efforts to depose Mr. Emory, as well as the lack of an affidavit of Mr. Emory in the record, that you simply have no evidence to support your Motion for Leave to Amend. Moreover, you have had two years to develop your arguments to our clients' jurisdictional defenses and have simply not done so. The Jurisdictional Motions have also now been fully briefed and are pending ruling by Judge Brady. Considering all of the above, we fail to see the relevance of Emory's deposition, and we insist that you withdraw your request for it as well.

If you do not withdraw your requests to our clients immediately we will be forced to seek the appropriate relief from the Court. Please let us have your response.

Bill Shea
Adams and Reese LLP
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Main:  225-336-5200
Direct:  225-378-3244
Fax:  225-336-5220
E-Fax:  225-336-5144
Cell:  225-907-5962
william.shea@arlaw.com
www.adamsandreese.com

---

**From:** Lavigne, Joseph [mailto:jlavigne@joneswalker.com]
**Sent:** Monday, July 26, 2010 11:41 AM
**To:** William D. Shea; Tom Clark; tbernhard@crawford-lewis.com
**Cc:** Hubert, Thomas; Boh, Mary
**Subject:** Dykes v. Maverick

Group,

Based upon the Court's 7/26/10 Ruling, Plaintiffs will be sending written discovery requests to Maverick Films and would like to take the depositions of Maverick Films' Management Team (i.e. Madonna, Oseary, Morgan, and Brent Emory). We will likely get the written discovery requests out early this week and would like to schedule the depositions once those documents are received. Therefore, please let us know available dates for you and your clients in late August/early September.

We also plan to take the deposition of Brent Emory to support our Motion for Leave and Oppositions to Madonna and Oseary's Jurisdictional Motions. We would like to take that deposition as soon as possible and will likely notice it for the first week of August. We will also need to get a Scheduling Order in place but it may make more sense to do that after the court rules on the

8/2/2010

As always, please let us know if you have any questions or concerns.


Thanks

Joe


Joseph F. Lavigne
Jones Walker
201 St. Charles Ave.
New Orleans, LA 70170
(504) 582-8610 Direct Phone
(504) 589-8610 Direct Fax
jlavigne@joneswalker.com

*This communication is confidential and contains information protected in whole or in part by the attorney-client privilege and attorney work product doctrine. Any inadvertent or unauthorized disclosure does not waive these protections. If you are not the intended recipient of this communication, destroy it without disclosure or reproduction and immediately notify the sender.*

☒

**Baton Rouge | Birmingham | Houston | Jackson | Memphis | Mobile | Nashville | New Orleans | Sarasota | St. Petersburg | Tampa | Washington, D.C.**

The contents of this e-mail and its attachments are intended solely for the addressee(s). In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. Treasury Circular 230 requires that we inform you that any statements regarding tax matters made herein, including attachments, cannot be relied upon for the purpose of avoiding tax penalties, and such statements are not intended to be used or referred to in any marketing or promotional materials. Additionally, Adams and Reese LLP does not and will not impose any limitation on the disclosure of the tax treatment or tax structure of any transactions to which such statements relate.

8/2/2010