**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAY DYKES, JR., ET AL**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 08-536-JJB-DLD**

**MAVERICK MOTION PICTURE
GROUP, L.L.C., ET AL**

<u>**ORDER**</u>

This matter is before the court on a referral from the district court of defendants, Guy Oseary ("Oseary") and Madonna Ciccone's ("Madonna") motion for protective order to prohibit depositions of Guy Oseary and Madonna Ciccone and motion to quash deposition of Brent Emery pending ruling on motions to dismiss for lack of personal jurisdiction. (rec doc. 98) The motion is opposed.

*Background*

This action arises out of a contractual dispute over money loaned by plaintiffs to the entity defendants for the production and development of certain motion pictures.  Plaintiffs filed suit for damages against Maverick Motion Picture Group, L.L.C. (MMPG), Maverick Films, L.L.C. (Maverick Films), Ironstar, L.L.C., Mark Morgan, Tara Pirnia, Austen Tayler, Guy Oseary, and Madonna Louise Ciccone.  Oseary and Madonna filed motions to dismiss for lack of personal jurisdiction (rec. docs. 21 and 40).[1]  Additionally, Madonna and Oseary filed motions for protective orders staying all discovery pending the outcome of the motions to dismiss (rec. doc. 39 and 41).

Since plaintiffs generally are allowed limited jurisdictional discovery to assist in their defense of a motion to dismiss based on lack of personal jurisdiction, the court allowed

---

[1]These motions were dismissed without prejudice due to the court's order regarding the motion for protective orders.

plaintiffs to conduct limited **written** discovery on jurisdictional issues, subject to those questions being further limited to Madonna's and Oseary's contacts with **Louisiana** (rec. doc. 65).[2] As plaintiffs made no showing that the depositions of Oseary or Madonna were necessary for purposes of personal jurisdiction,[3] the court advised plaintiffs that, once the written discovery was completed, they would have to seek leave of court to depose Madonna or Oseary on jurisdictional issues, and leave would only be granted upon a showing that the discovery sought could not be obtained in a written format, and depositions might reveal Madonna or Oseary's general or specific contacts with Louisiana. The court also dismissed the then-pending motions to dismiss (rec. docs. 21 and 40), without prejudice to the defendants to refile after the completion of the limited written jurisdictional discovery.

On June 4, 2010, plaintiffs filed a motion for leave to file a first amended complaint (rec. doc. 75), which prompted defendants Madonna and Oseary to file motions to dismiss for lack of personal jurisdiction and failure to comply with a court order. (rec. docs. 79 & 80) These motions were dismissed without prejudice to being refiled "taking into account the allegations of the amended complaint."  (rec. doc. 100) On September 8, 2010, the court granted the motion for leave to amend complaint, and on September 13, 2010, defendants Madonna and Oseary filed the instant motions. (rec. doc. 98) Defendants Madonna and

---

[2]The court has broad discretion in all discovery matters, and the decision not to permit discovery on a motion to dismiss for lack of personal jurisdiction is specifically one for the trial court's discretion. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982); see also Fed. R. Civ. P. 26(b)(1).

[3]Defendants Madonna and Oseary will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits' discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments.

Oseary also re-filed their motions to dismiss for lack of personal jurisdiction on October 15, 2010.[4] (rec. docs. 104 & 105)

### The Instant Motions

Plaintiffs served a Notice of Video Depositions for "all purposes allowed by the Federal Rules of Civil Procedure of the following individuals:" Madonna Ciccone, Guy Oseary, and Brent Emery.  (rec. doc. 98-6)[5] The depositions were scheduled to be held in Los Angeles, California.

Regarding the motion for protective order, defendants argue that plaintiffs failed to abide by the court's prior order, which instructed plaintiff to conduct focused written discovery on the jurisdictional issues; and then, and only if necessary and supported with specific explanation of good cause, could plaintiff seek leave to depose Madonna and/or Oseary to obtain further information relevant to personal jurisdiction over these parties. Additionally, defendants argue that plaintiffs apparently seek the depositions of Oseary and Madonna as members of the "management team" of Maverick Films, which sounds more in the nature of a Rule 30(b)(6) deposition.[6] Defendants argue that under Rule 30(b)(6), plaintiffs may not choose the corporate representative for Maverick Films.

In response, plaintiffs fail to explain their failure to follow the prior order with regard to how discovery should progress, and instead argue that because Maverick Films is now a viable defendant, plaintiffs are "entitled to engage in merit discovery by deposing the

---

[4]The motions also request dismissal for failure to state a claim upon which relief may be granted.

[5]As the depositions were set for September 16 and 17, 2010, this court stayed the depositions until such time as a ruling could be made on the motion for protective order and motion to quash.

[6](rec. doc. 98-3, Exhibit A)

management team in place during the relevant time period" because those individuals are "clearly relevant fact witnesses" who may be deposed "regardless of the jurisdictional and/or Amended Complaint issues." (rec. doc. 103)

The court has reviewed the Notice of Video Depositions, and on its face, it is not a Rule 30(b)(6) notice of deposition; it is clearly a notice of deposition of Oseary and Madonna, individually. Plaintiffs ignore the clear instructions of the court's September 18, 2009, order, an order which has not been modified, altered, or rescinded. Plaintiffs have not served Madonna and Oseary with any written discovery in connection with the court's order; therefore, any request to take these defendants' depositions is premature.

Regarding plaintiffs' argument that Madonna and Oseary are "fact witnesses," the court reminds plaintiffs that Madonna and Oseary also are *parties* in this matter – parties who have contested personal jurisdiction – and the first hurdle for plaintiffs to overcome is that of establishing that this court has personal jurisdiction over the *parties*, regardless of what "facts" the parties may provide on the merits. Should the court ultimately find that it does not have personal jurisdiction over these parties and they are dismissed, plaintiffs could proceed at that point to conduct discovery as it would with any other non-party witnesses. And if personal jurisdiction is established, plaintiffs obviously would be free to conduct discovery as with any other party to the litigation. Plaintiffs have provided no authority for their current  position, however,  thus, the court finds plaintiffs' arguments unpersuasive in this regard.

Next, plaintiffs argue that the jurisdictional issues are intertwined with the merits and "any decision on jurisdiction should be deferred until trial and after discovery, and cite to *Brown v. Slenker*, 220 F.3d 411, 418 (5th Circ. 2000) for this proposition. Plaintiffs' reliance on this case is misplaced. In *Brown*, a motion to dismiss for lack of personal jurisdiction

was denied prior to trial, the motion was re-urged at trial, and subsequently decided on appeal.  Moreover, plaintiffs here, unlike the movants in *Brown*, have made no showing whatsoever that the factual and jurisdictional issues are so enmeshed that a decision on jurisdiction must be delayed until trial.  It is the well within the court's discretion to fashion the parameters of discovery, and therefore the court will grant the motion for protective order as to the depositions of Madonna and Oseary.

Next, the court turns to the issue regarding Brent Emery's deposition.  It is clear from a reading of the exhibits attached to the motion for expedited hearing on this motion (rec. doc. 99), that plaintiffs wish to depose Emery regarding the alleged relationships of Maverick Films with other individuals and entities.  Thus, the deposition notice is facially valid as to Emery as he is a non-party, fact witness who may have knowledge of information which may support the allegations in plaintiffs' amended complaint and in opposition to the pending motions to dismiss.  However, where a party seeks to obtain discovery from a non-party, a *subpoena* must be served along with the discovery pleading. *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir.1985).  Hence, "[a] party seeking testimony or production of documents upon deposition of a non-party should comply with Fed.R.Civ.P. 45." *Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2008 WL 4758614 (E.D. La. October 27, 2008) *quoting Phoenix Mut. Life Ins. Co. v. College Court*, 1993 WL 840532, at *1 (D.Kan. May 17, 1993).  Here, the court notes that a Rule 45 subpoena was not attached to the Notice of Video Depositions, and there is no mention of a subpoena in the parties' briefing.

Nonetheless, assuming *inarguendo* that a valid Rule 45 subpoena were attached, this court is without jurisdiction to entertain a motion to quash Emery's deposition, as that motion must be heard within the district of the issuing court.  In this case, Emery is located

in California and the deposition was scheduled to be held in California; thus, it would be a California court which would have jurisdiction to hear a motion to quash Emery's deposition. Fed.R.Civ.P. 45. *See also, In Re Sealed Case,* 141 F.3d 337, 340 (D.C. Cir. 1998).[7] The court therefore will deny the motion to quash for lack of jurisdiction.

Accordingly,

**IT IS ORDERED** that the motion for protective order and motion to quash (rec. doc. 98) is **GRANTED in part and DENIED in part** as follows:

1.   The motion for protective order regarding the depositions of Madonna and Oseary is **GRANTED**;

2.   The motion to quash the deposition of Emery is **DENIED** for lack of jurisdiction; and

3.   In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 20, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[7]Additionally, even if this were the proper court in which to challenge Emery's deposition, Rule 26(c) of the Federal Rules of Civil Procedure clearly states that it is the person from whom discovery is sought who may move for a protective order regarding the discovery. Defendants have not contended that their personal rights or privileges would be affected by the taking of this deposition, or that Emery has been subpoenaed to produce documents containing defendants' personal and confidential information; thus, the standing lies with Emery to make any objections to the taking of his deposition. *See, e.g., Butcher v. Allstate Ins. Co.,* 2008 WL 4965288 (S.D.MS. 2008)