**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JAY DYKES, JR., ET AL                              CIVIL ACTION

VERSUS                                             NO. 08-536-JJB-DLD

MAVERICK MOTION PICTURE
GROUP, L.L.C., ET AL

**ORDER**

This matter is before the court on a referral from the district court of plaintiffs' motion

to compel Maverick Films ("Maverick"), LLC's and Maverick Motion Pictures Group ("MMPG")

LLC's answers to interrogatories and responses to requests for production.  (rec. doc. 108)

No opposition has been filed.

**Background**

This action arises out of a contractual dispute over money allegedly loaned by

plaintiffs to the entity defendants for the production and development of certain motion

pictures.  Plaintiffs filed suit for damages against Maverick Motion Picture Group, L.L.C.,

Maverick Films, L.L.C., Ironstar, L.L.C., Mark Morgan, Tara Pirnia, Austen Tayler, Guy

Oseary, and Madonna Louise Ciccone.  Plaintiffs filed a motion for default judgment against

defendants MMPG, Maverick, Ironstar, Morgan, and Pirnia. (rec. doc. 33) The court denied

the motion for default judgment with respect to defendant Maverick, but granted it as to

defendant MMPG. (rec. doc. 89) The default judgment was entered against MMPG on

January 10, 2011.  (rec. doc. 114)

**The Instant Motion**

On or about July 26, 2010, plaintiffs forwarded, via email transmission only, a copy

of one document consisting of Requests for Admissions, Interrogatories, and Requests for

Production to T. Bernhard, W. Shea, T. Clark, A. Grodsky, T. Hubert, and M. Boh. (rec. doc.

108-4, exhibit 2) Maverick has made an appearance in this matter, and a review of Exhibit

3 attached to plaintiffs' motion to compel indicates that Maverick has responded to the

Requests for Admissions (mislabeled by plaintiffs as "Requests for Production 15-30")(rec.

doc. 108-5). However, Maverick has not yet responded formally to the Requests for

Production or the Interrogatories, although plaintiffs state that Maverick has indicated that

it does not have any documents other than the documents produced by plaintiffs. (rec. doc.

108-2, pg 4). As Maverick has not provided formal responses, the court will grant the

motion to compel as it pertains to Maverick.

Turning now to defendant MMPG, the court first notes that MMPG is not represented

by counsel on the record, either formally or informally, and there is no indication that MMPG

was served directly with the discovery requests. Regardless, plaintiff has more serious

problems with his attempt to seek discovery from MMPG because a default judgment has

been entered as to this party, as stated previously. While plaintiffs may be able to seek

general discovery against this party as it would any other *non-party*, at this stage, the only

discovery available as a party litigant must be under the rules for postjudgment discovery.

Rule 69 (a)(2) of the Federal Rules of Civil Procedure provides that "[i]n aid of the

judgment or execution, the judgment creditor ... may obtain discovery from any person -

including the judgment debtor - as provided in these rules or by the procedure of the state

where the court is located. . . ."[1]   Rule 69(a)(2) imposes a liberal standard:

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment
> creditor to identify assets from which the judgment may be satisfied and
> consequently, the judgment creditor should be permitted to conduct a broad
> inquiry to uncover any hidden or concealed assets of the judgment debtor.

---

[1]The judgment creditor may choose whether to use federal or state postjudgment discovery rules; however, once a clear election is made, only that body of law will apply. *British Int'l Ins. Co. v. Seguros La Repluica, S.A.,* 200 F.R.D. 586, 594 (W.D. Tx. 2000)

The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties."

*T-M Vacuum Products, Inc. v. Taisc, Inc.*, 2008 WL 5082413, *2 (S.D.TX. 2008), *citing to* 13 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE-CIVIL § 69.04 (2008); *see also* 12 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3014 (1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution....; *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir.1995).

Thus, while discovery against MMPG theoretically could proceed *if* at least ten (10) days had passed since the entry of the default judgment,[2] *if* the discovery was relevant as to MMPG's assets, and *if* MMPG had been properly served – such is not the case. The discovery requests at issue extend far beyond the federal postjudgment discovery rules. In reviewing the discovery requests, the court notes that requests for production numbers 1-14 concern Maverick, not MMPG. Likewise, the requests for admissions (mis-named as requests for production numbers 15-30) concern Maverick, not MMPG. With regard to the interrogatories, those concern Maverick and/or MMPG. To the extent the interrogatories directed to MMPG relate to discovery outside the scope of determining MMPG's assets, the questions are beyond the scope of allowable postjudgment discovery. Thus, the court must deny the motion to compel as it relates to MMPG. However, as it is evident that plaintiffs may have been unaware of the parameters for postjudgment discovery, the court will allow plaintiff an opportunity to serve appropriate postjudgment discovery upon MMPG once ten (10) days have passed from the entry of the default judgment. Any general discovery would

---

[2]F.R.C.P. 62(a) states that no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry.

have to proceed under the same rules applicable to any non-party discovery allowed under the scheduling order and under the Federal Rules of Civil Procedure.[3]

Last, the court notes that plaintiffs' motion to compel also requests that "they be allowed to engage in discovery with Oseary and Madonna and take the deposition of Brent Emory prior to responding to Madonna and Oseary's motions to dismiss." (rec. doc. 108-2, pg 7) The instant motion is an inappropriate vehicle in which to request this relief. Plaintiffs have filed an *ex parte* motion for leave to serve written discovery on defendants Oseary and Madonna (rec. doc. 112)[4], which will be ruled upon in due time, and any request for an extension of time to respond to the motions to dismiss must be directed to the district judge.

Moreover, the court also notes that the motion to quash Emery's deposition was denied for lack of jurisdiction by this court, and reminds plaintiffs that any dispute regarding Emery's deposition must be resolved by a court where the deposition is to be held as Emery is a non-party. *See* rec. doc. 107.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to compel discovery (rec. doc. 108) be **GRANTED in part and DENIED in part** as follows:

1.  The motion is granted as to Maverick Films. Maverick Films shall file formal responses to the outstanding requests for production and interrogatories within fourteen (14) days of this order; and

---

[3]Counsel is expected to familiarize himself with the rules and previous orders in this case before proceeding further.

[4]The motion for leave to serve written discovery is not in compliance with L.R. 7.4.1M, and thus is not an *ex parte* motion.

2.    The motion is denied as to MMPG, with leave to propound discovery in aid

of execution once ten (10) days have passed from the entry of the default

judgment against MMPG.

3.    In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 13, 2011.

_____

   **MAGISTRATE JUDGE DOCIA L. DALBY**