UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAY DYKES, JR., ET AL.

VERSUS

MAVERICK MOTION PICTURE
GROUP, LLC., ET AL.

CIVIL ACTION

NO. 08-536-JJB-CN

**RULING ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

This matter is before the Court on Defendants Guy Oseary's ("Oseary") Motion (doc. 104) and Madonna Louise Ciccione's ("Madonna") Motion (doc. 105) for to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted. Plaintiff filed an opposition (doc. 120) to Madonna's motion, an opposition (doc. 121) to Oseary's motion and a supplemental opposition (doc. 126) to the two motions. Oseary (doc. 131) and Madonna (doc. 132) filed replies to Plaintiff's oppositions. There is no need for oral argument. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**Background**

I. Facts

This action arises out of a dispute over money loaned by Plaintiffs, Jay Dykes ("Dykes") and Dykes and Dykes, LLC, to Defendants Maverick Motion Picture Group, LLC ("MMPG") and Maverick Films ("Maverick")—both of which

1

were allegedly owned and operated by Defendants Madonna, of music and film fame, Oseary, her manager and Chairman of the Board of Directors for MMPG and Maverick Films, and Mark Morgan, CEO of MMPG. It is uncontroverted that Plaintiffs are Louisiana domiciliaries, Madonna is a New York domiciliary, Oseary and Morgan are California domiciliaries, and MMPG and Maverick Films are LLC's registered in Delaware.

In 2004, Dykes was approached by Tara Pirnia and Austen Taylor—employees of Co-Defendant, Ironstar, LLC—about investing in movies which were scheduled to be produced by MMPG and Maverick Films (doc. 118, ex. E). Pirnia—allegedly at Oseary's direction—told Dykes that Madonna and Oseary were participating in and personally backing the projects and that their investment would be paid on time, with interest (doc. 118, ex. E). According to Plaintiffs, they entered into various oral and written agreements with MMPG and Maverick Films based upon Pirnia's representations (doc. 118, ex. E). However, Plaintiff does not allege that he personally spoke to either Oseary or Madonna in negotiating or executing the agreements.

Each of the agreements provided that Defendants would repay Plaintiffs' original investment, plus interest, by a certain date (doc. 118, ex. E). Additionally, several of the agreements provided that Plaintiffs would receive a "Co-Producer," "Executive Producer," or "Associate Producer" credit and/or receive a percentage of the profits earned by the films. To date, Plaintiffs have

2

not been fully reimbursed for any of the numerous loans, nor have they been given appropriate credits or royalties.

## II. Procedural History

On August 22, 2008, Plaintiffs brought suit to recover damages for Defendants' alleged breach of contract, unfair trade practices, conversion, unjust enrichment, and Plaintiffs' detrimental reliance (doc. 1). On November 7, 2008 and February 17, 2009, Oseary and Madonna, respectively, filed their Motions (docs. 21 & 40) to Dismiss for Lack of Personal Jurisdiction—their first appearances in the case. On February 16, 2009 and March 5, 2009, Oseary and Madonna, respectively, filed motions (docs. 39 & 41) to stay discovery until their prior objections were ruled upon. On June 30, 2010, Oseary and Madonna filed their second Motions (docs. 79 & 80) to Dismiss for Lack of Personal Jurisdiction.

On September 8, 2010, Plaintiffs filed their First Amended Complaint (doc. 97), after which this Court dismissed Defendants' prior motions to dismiss without prejudice. Plaintiffs assert that (1) Defendants breached their contracts with Plaintiffs; (2) Defendants engaged in unfair trade practices; (3) Defendants converted Plaintiffs' property; (4) Defendants were unjustly enriched; and (5) they detrimentally relied on representations made by Defendants. Furthermore, Plaintiffs assert that the Court has personal jurisdiction over Oseary and Madonna, in their individual capacities, because (1) both have sufficient minimum contacts with Louisiana; (2) the Court should "pierce the corporate veils" of

MMPG and Maverick Films, of which Oseary and Madonna are owners and managers; and (3) Oseary and Madonna engaged in a conspiracy to defraud Plaintiffs.

On October 15, 2010, Oseary and Madonna filed their third Motions (docs. 104 & 105) to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted. Oseary and Madonna assert that they do not have sufficient minimum contacts with Louisiana, and that the Court may not exercise personal jurisdiction over them in their individual capacities by virtue of their positions with MMPG and Maverick Films. Moreover, Oseary and Madonna claim that Plaintiffs have not given adequate reasons why the Court should "pierce the corporate veils" of MMPG and Maverick Films and subject them to the Court's jurisdiction.

On January 28, 2011, Plaintiffs filed their motions (docs. 120 & 121) in opposition. Plaintiffs reassert their arguments regarding the Court's exercise of jurisdiction over Oseary and Madonna and additionally argue that Oseary waived his objection to the Court's exercise of personal jurisdiction by appearing in a September 2, 2009 hearing to confirm default judgment against another defendant.

On February 28, 2011, Oseary and Madonna filed their replies (docs. 132 & 133). Oseary and Madonna reiterate their prior objections to the Court's exercise of personal jurisdiction and Oseary claims that he has not waived his

4

objection by appearing in the default judgment hearing because he asserted his right to object at all times.

## Standard of Review

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). In deciding upon a motion to dismiss for lack of personal jurisdiction, courts within the Fifth Circuit accept the plaintiff's allegations as true, other than those which are controverted by the defendant or are simply conclusory statements, and conflicts between the parties' facts are resolved in the plaintiff's favor. *Panda Brandywine v. Potomac*, 253 F.3d 865, 868 (5th Cir. 2001). In resolving a jurisdictional dispute, the court may consider any item received in discovery, and the court has discretion to determine the amount and type of discovery to allow. *Walk Haydel & Assocs, Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

## Discussion

### I. Oseary's waiver of objection to personal jurisdiction

Plaintiff claims that Oseary waived his objection to the Court's exercise of personal jurisdiction by (1) appearing at a September 2, 2009 hearing to confirm Plaintiffs' default judgment against another defendant; and (2) objecting to

Plaintiffs' Motion for Leave to File a First Supplemental and Amended Complaint (doc. 121).

Oseary claims that he has, at all times, contested the Court's jurisdiction, and that his counsel appeared at the default judgment confirmation hearing only to ensure that no implications were made against Oseary, and at the hearing, Oseary's counsel again asserted his objection to the Court's exercise of personal jurisdiction (doc. 132).

Under the Federal Rules of Civil Procedure, a party over whom a court does not have personal jurisdiction may nonetheless tacitly waive its objection to the court's exercise thereof. Fed. R. Civ. P. 12(h). A defendant waives its objection if the defendant fails to raise the issue in a motion or responsive pleading prior to making an appearance in the case. *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985). *See, e.g.*, *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 119 (5th Cir.1982) (stating that a defendant's objection was waived where the defendant raised a personal jurisdiction objection only after the defendant filed an answer and amended answer). A party makes an appearance by making a presentation or submission to the Court which is "beneficial to himself or detrimental to the plaintiff, other than one contesting only the jurisdiction or by reason of some act or proceeding recognizing the case as in court." *Cactus Pipe*, 756 F.2d at 1108. Moreover, a defendant waives the right to object to a court's exercise of personal jurisdiction if

the defendant's conduct does "not reflect a continuing objection to the power of the court to act over the defendant's person." *PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 460 (5th Cir. 2001).

The Court finds that Oseary has not waived his right to object to the Court's exercise of personal jurisdiction. Oseary made his first appearance on November 7, 2008 by filing a motion (doc. 21) to dismiss based upon the Court's lack of personal jurisdiction. On February 16, 2009, Oseary filed a motion (doc. 39) to stay discovery until his objection to the Court's personal jurisdiction was ruled upon. At the September 2, 2009, default judgment confirmation hearing, while his prior motion to dismiss was still pending, Oseary's counsel again asserted his objection to the court's exercise of personal jurisdiction. On June 30, 2010, Oseary filed another Motion (doc. 79) to Dismiss for Lack of Personal Jurisdiction. After Plaintiffs filed their amended complaint, and the Court dismissed Oseary's second motion to dismiss without prejudice, Oseary filed a third motion to dismiss based upon the Court's lack of personal jurisdiction. Oseary has plainly not engaged in conduct that does "not reflect a continuing objection to the power of the court to act over the [his] person." *PaineWebber Inc.*, 260 F.3d at 460. Instead, Oseary objected to the Court's exercise of personal jurisdiction at the earliest possible stage and has repeatedly and consistently done so since that time.

  **II. Personal Jurisdiction Over Oseary and Madonna**

**A. In their individual capacities**

Plaintiffs assert that the Court has specific jurisdiction over Oseary and Madonna because they sought out investments from Plaintiffs in Louisiana and represented to Plaintiffs—Ironstar employees—that they would use their clout in the industry to ensure a prompt return on Plaintiffs' investments and that they personally backed the loans (docs. 120 & 121). Plaintiffs assert that Oseary and Madonna thereby committed fraud bringing them under the Louisiana long-arm statute.

Defendant asserts that neither Oseary nor Madonna have sufficient minimum contacts because they did not personally establish contacts in Louisiana, but, at most, did so in their capacities as officers of MMPG and Maverick Films (docs. 104 & 105).

In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law. Fed. R. Civ. P. 4(e)(1); *Panda Brandywine*, 253 F.3d at 868. Louisiana's long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment. *Panda Brandywine*, 253 F.3d at 868. A court's exercise of personal jurisdiction over a nonresident defendant comports with the due process clause when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over

8

that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather, the touchstone is whether the defendant purposely directed his activities towards the forum state, such that he could reasonably foresee being haled into court there. *Luv N' Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006), *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A party may establish minimum contacts sufficient for the state to assert specific jurisdiction or general jurisdiction. *Alpine View Co. v. Atlas Copco*, A.B., 205 F.3d 208, 215 (5th Cir. 2000).

Specific jurisdiction exists if a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). That is, for a court to exercise specific jurisdiction (1) the defendant must have directed activities or purposely availed itself of the privileges of conducting activities in the forum state; (2) the cause of action must arise out of the defendants forum-related contacts; and (3) the court's exercise of jurisdiction must be fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Burger King*, 471 U.S. at 472. Moreover,

9

that the contract between the plaintiff and defendant is expressly governed by law of another state militates against a finding that the defendant availed himself of the forum state's laws. *Id; Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).

Moreover, even if a defendant corporation has established minimum contacts by contracting with the plaintiff in the forum state, a court may not exercise jurisdiction over a corporate representative whose activities were directed towards the forum state solely on behalf of the corporation, and in his capacity as a corporate representative. *Miller v. Am. Gen. Fin. Corp.*, 2002 WL 2022536, at *12 (E.D. La. Sept. 4, 2002). Instead, for a court to exercise jurisdiction over a corporate representative, the individual must have personally engaged in activities within the forum state which would bring him within the state's long-arm statute, *H.R. Temps, Inc. v. Indus. Mech. Fabricators, Inc.*, 1992 WL 167034, at *3 (E.D. La. 1992), for instance, by committing a tort, such as fraud, in the forum state. *See, e.g.*, La. Rev. Stat. Ann. § 13:3201(3) (stating that a Louisiana court may exercise personal jurisdiction over a non-resident defendant if the defendant causes injury or damage by an offense committed in the state). In Louisiana, an individual commits fraud when the individual misrepresents or suppresses the truth with the intention of obtaining an unjust advantage or causing loss to another*.* La. Civ. Code. art. 1953.

After determining whether a defendant has sufficient minimum contacts, the court must next determine whether the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. In doing so, the court considers (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interest of other states in securing the most efficient resolution to the controversy; and (5) the shared interest of the several states in furthering fundamental social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

The Court finds that it may not exercise jurisdiction over either Oseary or Madonna in their individual capacities. Neither party has owned property in Louisiana, had an office in Louisiana, or had a bank account in Louisiana (doc. 104-2, Oseary Decl., ¶ 4; doc. 105-2, Madonna Decl. ¶ 3). Madonna has visited Louisiana once, in 1985, for a concert tour, and Oseary has never spent extensive time Louisiana (doc. 104-2, ¶ 4; doc. 105-2, ¶ 2). At most, Oseary, acting as a corporate representative for MMPG and Maverick, directed employees to approach and contract with Plaintiffs, but at no time did Oseary or Madonna personally negotiate with Plaintiffs (doc. 104-2, ¶¶ 5 & 7; doc. 105-2, ¶ 5). Plaintiffs do not even allege that Madonna personally instructed agents of MMPG or Maverick Films to approach or negotiate with Plaintiffs. Furthermore, neither Oseary nor Madonna made any representations to Plaintiffs, let alone representations which Plaintiffs can establish were made with the intent to obtain

unjust advantage or cause loss. La. Civ. Code. art. 1953; (doc. 104-2, ¶ 5; doc. 105-2, ¶ 4)

Lastly, the resulting contracts obligated Plaintiffs to MMPG and Maverick, and vice versa, not Oseary or Madonna. And even if Oseary or Madonna had been a party to the contracts, a single act of contracting with a resident of the forum state may not alone be sufficient for the court to exercise personal jurisdiction over the non-resident defendant. *Burger King*, 471 U.S. at 472. Moreover, the contracts were expressly to be governed by California law (doc. 128, ex. B, ex. 2), and the Fifth Circuit has determined that a contract's being governed by law other than the forum state's militates against a finding that the forum state has jurisdiction. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). Therefore, the Court finds that it may not exercise personal jurisdiction over either Oseary or Madonna in their individual capacities.

### B. By virtue of Oseary's and Madonna's relationships to MMPG and Maverick Films

Plaintiffs assert that (1) the Court may assert personal jurisdiction over Oseary and Madonna by virtue of their participation in the alleged conspiracy to defraud Plaintiffs; and (2) the Court should "pierce the corporate veils" of MMPG and Maverick Films—and assert jurisdiction over Oseary and Madonna—because they (a) were a single business enterprise; (b) failed to satisfy the requisite corporate formalities; and/or (3) were the alter egos of Oseary and Madonna (doc. 121).

Oseary and Madonna assert that (1) a Court may not exercise personal jurisdiction over an individual simply based on the contacts established by a co-conspirator with the forum state; and (2) the court should not "pierce the corporate veil" because Plaintiffs have not alleged facts—but rather, only conclusory allegations—suggesting that the LLCs were the alter egos of Defendants, a single business enterprise or failed to follow corporate formalities (docs. 104 & 105).

Under the "conspiracy theory of jurisdiction," a court may exercise personal jurisdiction over the co-conspirator of a non-resident defendant due to overt acts committed in the forum in furtherance of the conspiracy. *Conwill v. Greenberg Traurig*, L.L.P., 2009 WL 5178310, at *4 (E.D. La. Dec. 22, 2009). However, the Fifth Circuit has never adopted a "conspiracy theory of jurisdiction." *Id.*; *Deitz v. Dietz*, 2008 WL 5351049, at *3 (W.D. La. Sept. 24, 2008). That is, in order for the court to exercise personal jurisdiction over a co-consipirator, the co-conspirator must have individually engaged in activities which would satisfy the minimum contacts analysis. *Conwill*, 2000 WL 5178310, at *4.

In rare circumstances, courts may "pierce the corporate veil;" that is, disregard the corporate form and expose the corporation's owners to personal liability. *Harco Nat'l Ins. Co. v. Green Farms, Inc.*, 189 WL 110537, at *4 (Del. Ch. Sept. 19, 1989). Courts applying Delaware law—as the Court must do here—"pierce the corporate veil" only where the corporation is merely an

instrumentality or alter ego of its owner, such that the corporation is a "sham and exist(s) for no other purpose than as a vehicle for fraud." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 647 (5th Cir. 2002); In re *Sunstates Corp. S'holder Litig.*, 788 A.2d 530 (Del. Ch. 2001); *Harco Nat'l*, 189 WL 110537, at *4. In determining whether to "pierce the corporate veil" under an alter-ego theory, courts consider factors such as whether a corporation was adequately capitalized for the undertaking, whether the corporation was solvent, whether the entity paid dividends to shareholders, whether officers and directors acted properly, and whether the corporation acted as a façade for the dominant shareholder. *Alberto v. Diversified Group*, 55 F.3d 201, 205 (5th Cir. 1995), *citing Harco Nat'l*, 189 WL 110537, at *5. In addition, courts may consider whether the appropriate corporate formalities were followed as determined by the law of incorporation— here Delaware. *Patin*, 294 F.3d at 647. Under Delaware Law, an LLC is required only to execute and file a proper certificate of formation, maintain a registered office in Delaware, have a registered agent for service of process, and maintain certain records. Del. Code. Ann. tit. 6 §§ 18-104(a)(1)-(2) & 201(a).

Again, in considering these factors, the court must accept the allegations contained in plaintiff's complaint as true, with the exception of those which are either controverted by the defendant or are simply conclusory statements, and conflicts between the facts conflicts between the parties' facts must be resolved in the plaintiff's favor. *Panda Brandywine*, 253 F.3d at 868. *See, e.g.*, *Kemper*

14

v. Saline Lectronics*, 348 F. Supp. 2d 897 (N.D. Ohio 2004) (dismissing defendants for lack of personal jurisdiction when plaintiff's alter ego allegations were conclusory and not based in fact); *Rimes v. Noteware Dev., LLC*, 2010 WL 1644693 (N.D. Cal. Apr. 21, 2010) (same).

The Court finds that it may not exercise personal jurisdiction over Oseary and Madonna. First, this Court may not exercise jurisdiction over Oseary solely by virtue of the alleged conduct of their co-consipirators, *Conwill*, 2000 WL 5178310, at *4, and the Court has already determined that neither Oseary nor Madonna established sufficient minimum contacts with Louisiana. *See supra* § II(A).

As to Plaintiffs' request that this Court "pierce the corporate veils" of MMPG and Maverick Films, because both entities are Delaware LLC's, Delaware law applies to determine whether this Court should do so. *Patin*, 294 F.3d at 647. The whole of Plaintiffs' allegations—most of which they admit are "[u]pon information and belief"—merely recite the factors which courts consider in determining whether to pierce the corporate veil without providing even a modicum of specific facts.[1] Such conclusory allegations are insufficient to

---

[1] Plaintiffs allege—among other things—that (1) Maverick Films was the financial component of the enterprise while MMPG has limited or no assets and is completely undercapitalized;" (2) "management of MMPG and Maverick Films acted at all times for the benefit of Maverick Films;" (3) Oseary and Madonna treated "MMPG and Maverick Films as a single business enterprise;" (4) "funds were commingled among MMPG and Maverick Films, and their owners, and from time to time, each paid the expenses of others;" (5) "MMPG received no business other than that given to it by Maverick Films;" (6) "MMPG and Maverick Films shared office space, equipment, and other property, each of the companies treating said property as the owner;" (7) MMPG and Maverick Films shared employees and services; (8) MMPG, Maverick Films, and their owners engaged in undocumented transfers of funds, between and among one another

survive a motion to dismiss for lack of personal jurisdiction. *Panda Brandywine*, 253 F.3d at 868. Moreover, while Plaintiffs allege that MMPG and Maverick have failed to hold regular meetings or keep regular corporate records, or pass resolutions prior to acting, such acts are not required under Delaware law, Del. Code. Ann. tit. 6 §§ 18-104(a)(1)-(2) & 201(a), and Plaintiffs have failed to demonstrate that MMPG or Maverick Films failed to satisfy Delaware's requirements. Thus, Plaintiffs have plainly failed to demonstrate that MMPG and Maverick Films were merely instrumentalities or alter egos of Oseary or Madonna, such that they were "shams and exist(ed) for no other purpose than as a vehicle for fraud." *In re Sunstates Corp. S'holder Litig.*, 788 A.2d at 530. Therefore, the Court finds that it may not exercise personal jurisdiction over Oseary or Madonna.

---

(doc. 97, ¶¶ 30-42). In Plaintiffs' amended complaint they make a number of allegations such as (1) "Madonna, Oseary, and Morgan used Maverick Films and MMPG to defraud Plaintiffs;" (2) "Madonna, Oseary, and Morgan failed to follow corporate formalities and maintain the separate existence of the companies to such an extent that the entities became indistinguishable from its owners;" (3) "Maverick Films and MMPG are alter-egos of each other and their owners Madonna, Oseary, and Morgan;" (4) "Maverick Films and MMPG constitute a single business enterprise by Madonna, Oseary, and Morgan." (doc. 97, ¶¶ 67-70).

**<u>Conclusion</u>**

Accordingly, the Court hereby GRANTS Defendant Guy Oseary's Motion (doc. 104) to Dismiss for Lack of Personal Jurisdiction. The Court also hereby GRANTS Defendant Madonna Louise Ciccione's Motion (doc. 105) to Dismiss for Lack of Personal Jurisdiction.

Signed in Baton Rouge, Louisiana this 14th day of March, 2011.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA