**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAY DYKES, JR., ET AL | CIVIL ACTION |
| VERSUS | NO. 08-536-JJB-DLD |
| MAVERICK MOTION PICTURE GROUP, L.L.C., ET AL | |

## ORDER

This matter is before the court on a referral from the district court of plaintiffs' motion for sanctions against Maverick Films, L.L.C. ("Maverick") for failure to comply with this court's January 14, 2011, order (rec. doc. 115) regarding discovery responses. (rec. doc. 124) Maverick requested an extension of time to file an opposition to the motion for sanctions, which the court granted; however, despite the extension, Maverick failed to file any opposition to the motion for sanctions. Thus, the motion for sanctions is ripe for ruling.

*Background*

This action arises out of a contractual dispute over money allegedly loaned by plaintiffs to the entity defendants for the production and development of certain motion pictures. On or about July 26, 2010, plaintiffs forwarded, via email transmission only, a copy of one document consisting of Requests for Admissions, Interrogatories, and Requests for Production to T. Bernhard, W. Shea, T. Clark, A. Grodsky, T. Hubert, and M. Boh. (rec. doc. 108-4, exhibit 2) On October 27, 2010, plaintiffs filed a motion to compel discovery responses from Maverick. (rec. doc. 108) Maverick failed to file any opposition to the motion to compel, and on January 14, 2011, the court ordered Maverick to respond formally to the outstanding interrogatories and requests for production of documents. (rec. doc. 115) When plaintiffs did not receive formal responses from Maverick to the

outstanding discovery requests, plaintiffs filed the instant motion for sanctions. (rec. doc. 124) As noted above, Maverick failed to file any opposition to the motion for sanctions.

Plaintiffs now seek the following sanctions against Maverick for its failure to comply with the court's order: 1) prohibit Maverick from opposing plaintiffs' claim that Maverick Films and Maverick Motion Picture Group, L.L.C. are a single business enterprise/alter ego; 2) prohibit Maverick from opposing plaintiffs' claims of breach of contract, conversion, unfair trade practices, conspiracy, and veil piercing; and 3) require Maverick to pay plaintiffs all reasonable attorney's fees and expenses incurred to file this motion for sanctions and the previous motion to compel in the amount of $5,000.00. (rec. doc. 124)

## *GOVERNING LAW AND ANALYSIS*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(a), numerous sanctions may be imposed on a party that fails to comply with court orders, and these sanctions may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A)

Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C).

While the court has broad discretion to issue sanctions, that discretion is not unlimited. Rule 37(b)(2)(A) specifically limits the court's discretion to the issuance of "further just orders," which is in keeping with the purposes behind Rule 37 sanctions: to reimburse the moving party and to deter the violator of the discovery orders. *See, e.g., Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986) Moreover, the Fifth Circuit has emphatically stated that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The Fifth Circuit further opined that "[O]ur judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill." *Id.*

In this case, Maverick has failed to comply with only one order of this court to date; thus, the harsh sanctions requested by plaintiffs are "overkill" at this point in time. However, Maverick's failure to comply with the court's previous discovery order is sanctionable, as plaintiffs have attempted on no less than eleven (11) occasions to obtain the discovery responses once the responses became tardy. On each occasion, Maverick was allowed an extension to provide the responses, but failed to do so. Moreover, Maverick has provided no explanation or justification whatsoever for its delay in responding

to the discovery or the court's order, or any circumstance that would make the award of expenses and attorney's fees unjust. Therefore, the court finds that Maverick should pay the reasonable expenses incurred in plaintiffs' filing of the motion to compel and motion for sanctions, including attorney's fees, under Rule 37(b)(2)(C) for its unjustified failure to comply with this court's discovery order. While plaintiffs have requested attorney's fees in the amount of $5,000.00, FRCP Rule 37(b)(2) by its strict language only mandates attorney's fees and expenses caused by the failure to comply with the order. Thus, plaintiffs first must submit itemized evidence of their reasonable expenses, including attorney's fees, incurred in the filing of the motion to compel and the motion for sanctions before the amount of the sanctions may be awarded. The court cannot simply order sanctions in the amount of $5,000.00 without a review of the itemized evidence.[1]

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for sanctions against Maverick for its failure to comply with this court's discovery order (rec. doc. 124) is **GRANTED in part and DENIED in part** as follows:

(1) Maverick shall fully respond to plaintiffs' interrogatories and requests for production within fourteen (14) days of this order. Failure to comply with this order shall result in the recommendation that harsher sanctions, including but not limited to the recommendation that a default judgment be rendered against Maverick.

(2) Maverick shall pay plaintiffs' reasonable expenses incurred in the filing of the motion to compel and the motion for sanctions for Maverick's failure to comply with this court's discovery order.

---

[1] *See, Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974) ("lodestar calculation"). The twelve factors involved in the court's review of the reasonable expenses include 1) the time and labor required; 2) the novelty and difficulty of the questions presented; 3) the skill required to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee for similar work in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) award in similar cases.

(3) Plaintiffs shall submit itemized evidence of the reasonable expenses, including attorney's fees, incurred in the filing of the motion to compel and the motion for sanctions within seven (7) days of this order. Maverick may file objections to this itemization within fourteen (14) days of this order. If no objections are filed, plaintiffs' itemization of fees and expenses will be deemed reasonable. Once the court determines the appropriate amount of reasonable expenses, the court will issue an order setting forth the amount and the deadline for payment.

(4) In all other respects, the motion for sanctions is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 1, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**