**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JAY DYKES, JR., ET AL                          CIVIL ACTION

VERSUS                                                   NO. 08-536-JJB-DLD

MAVERICK MOTION PICTURE
GROUP, L.L.C., ET AL

## ORDER

On June 1, 2011, this court granted plaintiffs' motion for sanctions against Maverick Films, L.L.C. ("Maverick") for failure to comply with this court's January 14, 2011, order (rec. doc. 115) regarding discovery responses. (rec. doc. 124) The court ordered plaintiffs to submit itemized evidence of the reasonable expenses and fees incurred in the filing of the underlying motion to compel and the motion for sanctions, and allowed Maverick to file objections should it disagree with plaintiffs' submission. The court specifically provided that Maverick could indicate its agreement with the expenses and fees by not responding, in which case the fees and expenses would be deemed reasonable. Maverick has not objected or otherwise responded to plaintiffs' submission.

Even though Maverick has agreed that the fees and expenses are reasonable, as the fee applicant, plaintiff still has the burden of proving the reasonableness of the number of hours expended on his prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1938, 76 L.Ed. 40 (1983) This burden does not shift to the opposing party "merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed." *Id.*

Plaintiffs submitted "itemized evidence of reasonable expenses" in the form of an affidavit setting forth names, backgrounds, and hourly rates of all counsel in working on the

motions at issue. The affidavit also contains those entries excerpted from billing statements which relate to plaintiffs' motion to compel and motion for sanctions, which show the date, timekeeper, entry and amount billed. The specificity of the entries describing the work performed shows that plaintiffs also included entries, for which they requested reimbursement, for time spent long after the filing of the motion for sanctions, and even after the court granted the motions, resulting in additional time of 6.2 hours, time which included conferences/emails with Maverick and time spent reviewing its own billing records and preparing the affidavit. The court finds that this time was not spent on preparing and filing either motion, and those fees ( $260.00 x 6.2 = $1,612.00) will be subtracted from the total requested award of $6,672.00, resulting in a net award of $5,060.00.

Accordingly,

**IT IS ORDERED** that plaintiff shall be awarded reasonable expenses in the amount of $5,060.00, for the filing of both the motion to compel and the motion for sanctions, and Maverick shall pay this amount within **30 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on August 11, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**